UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON SNYPE, : | CIVIL ACTION NO. 3:22-0831 |
| Plaintiff : | |
| : | (JUDGE MANNION) |
| v. : | |
| J.L. JAMISON, *et al.*, : | |
| Defendants : | |

### MEMORANDUM

**I. Background**

Vernon Snype, an inmate formerly confined in the Allenwood Federal Correctional Camp ("FCC-Allenwood"), White Deer, Pennsylvania[1], filed the above captioned action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). (Doc. 1, complaint). Plaintiff challenges that prison's selection of movies for inmate viewing, claiming that "75% of the movies provided by the current premium program are blocked from inmates viewing." Id. Plaintiff's only request for relief is that "the premium movie channels should be immediately canceled and replaced with the movie program which requires the recreational department select movies as opposed to the cable network selection of moves for inmate viewing." Id.

---

[1] On August 30, 2023, Defendants filed a suggestion of mootness, notifying the Court that on July 25, 2023, Plaintiff had been released from federal custody. (Doc. 23).

**II. Discussion**

Plaintiff's action seeks only injunctive relief in the way of canceling the current movie channel selection and replacing it with a movie program which requires the recreational department to select movies. (Doc. 1).

An injunction, however, is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The United States Court of Appeals for the Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 1970–98 (3d Cir. 1990). These same factors are used in considering a motion for temporary restraining order. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). The moving party has the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor

need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir.2002)). In addition, "[a]s these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the power of a court to issue injunctive relief is also limited and circumscribed by the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

In the instant case, Snype seeks only injunctive relief in the form of canceling the prison's current movie viewing package. However, Snype is no longer confined at FCC-Allenwood. The record reveals that on July 25, 2023, Snype was released from federal custody.

- 3 -

The Third Circuit Court of Appeals has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also, Abdul–Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul–Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial.)

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir.2003). This Court has previously held, in a case such as the present, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where those injunctive claims arose, his transfer to another institution moots any claims for injunctive or declaratory relief. Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998). For these reasons, Plaintiff's pending civil action seeking injunctive relief only must be denied as moot since he is no longer confined at FCC–Allenwood, and there is no indication that he will be housed at that facility in the foreseeable future.

### III. <u>Conclusion</u>

For the reasons stated above, the Court will dismiss the above captioned action as moot. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  September 1, 2023**
22-0831-01